FILED
JAMES BONINI
CLERK

02 OCT 1 AM 10:01

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOE HAND PROMOTIONS, INC.<br>407 East Pennsylvania Blvd<br>Feasterville, PA 19053<br>        Plaintiff,<br><br>vs.<br><br>RPM MANAGEMENT COMPANY, LLC,<br>individually and as the alter ego of<br>OZONE SPORTS BAR<br>c/o Mark S. Gutentag, Statutory Agent<br>22 East Gay Street, Suite 400<br>Columbus, Ohio 43215<br><br>And<br><br>MARK LOKAR, individually and as the<br>alter ego of OZONE SPORTS BAR<br>305 Bruce Court<br>Westerville, Ohio 43081<br>        Defendants | CASE NO. 2:09 cv 862<br><br>JUDGE    JUDGE SARGUS<br><br>MAGISTRATE JUDGE KING<br><br><br><br>COMPLAINT FOR DAMAGES<br><br>DESIGNATION: OTHER STATUTES |

PLAINTIFF ALLEGES:

### JURISDICTION

1.    Jurisdiction is founded on the existence of a question arising under particular statutes. This action is brought pursuant to several federal statutes, including the Communications Act of 1934, as amended, 47 U.S.C. 605, et seq., and The Cable & Television Consumer Protection and Competition Act of 1992, as amended, 47 U.S. Section 553, et seq.

2.    This Court has jurisdiction of the subject matter of this action pursuant to 28 U.S.C. Section 1331, which states that the district courts shall original jurisdiction of all civil actions arising under the Constitution, laws, or treaties, of the United States.

3.    This Court has personal jurisdiction over the parties in this action as a result of the Defendants wrongful acts hereinafter complained of which violated the Plaintiff's rights as the exclusive commercial distributor of the televised fight program hereinafter set forth at length. The Defendants wrongful acts consisted of the interception and tortuous conversion of said property of Plaintiff within the control of the Plaintiff in the State of Ohio.

## VENUE

4.    Pursuant to 47 U.S.C. Section 605, venue is proper in the Southern District of Ohio, Columbus Division because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## INTRADISTRICT ASSIGNMENT

5.    Assignment to the Eastern Division is proper because a substantial part of the events or omissions giving rise to the claim occurred in Franklin County.

## THE PARTIES

6.    The Plaintiff, JOE HAND PROMOTIONS, INC. is, and at all relevant times mentioned was, Pennsylvania corporation with its principal place of business located at 407 East Pennsylvania Blvd Feasterville, PA 19053.

7. Plaintiff is informed and believes, and alleges thereon that defendant, MARK LOKAR, is an individual and the alter ego of OZONE SPORTS BAR, the exact nature of which is unknown, having its principal place of business at 1141 Worthington Woods Blvd, Columbus, Ohio 43085.

8. Plaintiff is informed and believes, and alleges thereon that defendant, RPM MANAGEMENT COMPANY, LLC is an individual and the principal, alter ego, officer, director, shareholder, employee, agent, and/or other representative of OZONE SPORTS BAR, a business entity of an unknown nature.

## COUNT I

### (Violation of 47 U.S.C. Section 605)

9. Plaintiff JOE HAND PROMOTIONS, INC., hereby incorporates by reference all of the allegations contained in paragraphs 1-8, inclusive, as though set forth herein at length

10. By contract, Plaintiff JOE HAND PROMOTIONS, INC., paid for and was thereafter granted the exclusive nationwide television distribution rights to the *"UFC 82": Pride of a Champion* which took place on March 1, 2008 (this included all under-card bouts and fight commentary encompassed in the television broadcast of the event, hereinafter referred to as the "Program").

11. Pursuant to contract, Plaintiff, JOE HAND PROMOTIONS, INC., entered into subsequent sublicensing agreements with various commercial entities throughout North America, including entities within the State of Ohio, by which it granted these entities limited sublicensing rights, specifically the rights to publicly exhibit the Program to the patrons within their respective establishments (i.e., hotels, racetracks, casinos, bars, taverns, restaurants, social clubs, etc.)

12. As a commercial distributor of sporting events, including the Program, Plaintiff, JOE HAND PROMOTIONS, INC., expended substantial monies marketing, advertising, promoting, administering, and transmitting the Program to its customers, the aforementioned commercial entities.

13. With full knowledge that the Program was not to be intercepted, received and exhibited by entities unauthorized to do so, each and every of the above named defendants and/or their agents, servants, workmen or employees did unlawfully publish, divulge and exhibit the Program at the time of its transmission at the addresses of their respective establishments, as indicated above. Said unauthorized interception, publication, exhibition and divulgence by each of the defendants was done willfully and for purposes of direct or indirect commercial advantage or private financial gain.

14. 47 U.S.C. Section 605, et seq., prohibits the unauthorized publication or use of communications (such as the transmission for which Plaintiff, JOE HAND PROMOTIONS, INC., had the distribution rights thereto).

15. By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated 47 U.S.C. Section 605, et seq.

16. By reason of the defendants' violation of 47 U.S.C. Section 605, et seq., Plaintiff, JOE HAND PROMOTIONS, INC., has the private right of action pursuant to 47 U.S.C. Section 605.

17. As the result of the aforementioned defendants' violation of 47 U.S.C. Section 605, and pursuant to said Section 605, Plaintiff, JOE HAND PROMOTIONS, INC., is entitled to the following from each defendant:

    (a) Statutory damages for each willful violation in an amount to $100,000.00 pursuant to 47 U.S.C. 605(e)(3)(C)(ii), and also

    (b) the recovery of full costs, including reasonable attorneys fees, pursuant to 47 U.S.C. Section 605(e)(3)(B)(iii).

WHEREFORE, plaintiff prays for judgment as set forth below.

## COUNT II

### (Violation of 47 U.S.C. Section 553)

18. Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-17, inclusive, as though set forth herein at length.

19. The unauthorized interception, exhibition, publication, and divulgence of the Program by each of the above named defendants are prohibited by 47 U.S.C. Section 553 et seq.

20. By reason of the aforesaid mentioned conduct, the aforementioned defendants, and each of them, violated 47 U.S.C. Section 553, et seq.

21. By reason of the defendants' violation of 47 U.S.C. Section 553, et seq., Plaintiff, JOE HAND PROMOTIONS, INC., has the private right of action pursuant to 47 U.S.C. Section 553.

22. As the result of the aforementioned defendants' violation of 47 U.S.C. Section 553, and pursuant to said Section 553, Plaintiff, JOE HAND PROMOTIONS, INC., is entitled to the following from each defendant:

(a) Statutory damages for each willful violation in an amount to $50,000.00 pursuant to 47 U.S.C. 553 (b)(2) and also

(b) the recovery of full costs pursuant to 47 U.S.C. Section 553 (c)(2)(C), and also

(c) and in the discretion of this Honorable Court, reasonable attorneys fees, pursuant to 47 U.S.C. Section 553 (c)(2)(C).

WHEREFORE, plaintiff prays for judgment as set forth below.

# COUNT III

## (Conversion)

23. Plaintiff's hereby incorporates by reference all of the allegations contained in paragraphs 1-22, inclusive, as though set forth herein at length.

24. By its acts as aforesaid in interception, exhibiting, publishing, and divulging the Program at the above-captioned address, the aforementioned defendants, and each of them, tortuously obtained possession of the Program and wrongfully converted it to its own use and benefit.

25. The aforesaid acts of each the defendants were willful, malicious, and intentionally designed to harm Plaintiff, JOE HAND PROMOTIONS, INC., and to subject said Plaintiff to economic distress.

26. Accordingly, Plaintiff, JOE HAND PROMOTIONS, INC., is entitled to both compensatory, as well as punitive damages, from each of the aforementioned defendants as the result of the defendants' egregious conduct and conversion.

WHEREFORE, plaintiff prays for judgment as set forth below.

**As to the First Count:**
1. For statutory damages in the amount of $100,000.00 against defendants, and each of them, and
2. For reasonable attorney fees pursuant to statute, and
3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and
4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Second Count:**

1. For statutory damages in the amount of $50,000.00 against defendants, and each of them, and;

2. For reasonable attorney fees as may be awarded in the Court's discretion pursuant to statute, and;

3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and

4. For such other and further relief as this Honorable Court may deem just and proper.

**As to the Third Count:**

1. For compensatory damages in an amount according to proof against defendants, and each of them, and;

2. For reasonable attorney fees as may be awarded in the Court's discretion pursuant to statute, and;

3. For all costs of suit, including but not limited to filing fees, service of process fees, investigative costs, and;

4. For such other and further relief as this Honorable Court may deem just and proper.

Respectfully submitted,

*/s/ Jeffrey L. Koberg*

Jeffrey L. Koberg  (0047386)
**ZIEGLER, METZGER & MILLER LLP**
925 Euclid Avenue, Suite 2020
Cleveland, Ohio  44115-1441
(216) 781-5470; Fax:  (216) 781-0714
jkoberg@zieglermetzger.com

*Attorney of Record for*
*JOE HAND PROMOTIONS, INC.*